**Date signed April 22, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| DEMETRIA ALBALOS AYTONA : | Case No. 05-15319PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |
| SOUN HI RHEE : | |
| Movant : | |
| vs. : | |
| : | |
| DEMETRIA AYTONA : | |
| MARIO AYTONA, JR. : | |
| Respondents : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |

**MEMORANDUM OF DECISION**

    This bankruptcy case under Chapter 13 is before the court on the Motion of Soun Hi Rhee for relief from the stay of 11 U.S.C. § 362(a) to enable her to proceed in an action filed in the Circuit Court for Prince George's County, Maryland, entitled _Soun Hi Rhee vs. Mario Aytona, et ux._, Case No. E03-21373.  The facts of this case are relatively simple.  The Debtor and his wife entered into a sales contract for the sale of the subject property to the Movant for $265,000.00.  The sellers did not go through with the contract, and, as a result, the action was filed in Prince George's County for specific performance.  On February 10, 2005, there was entered an Order in that court for specific performance following the trial on December 14, 2004, at which time the parties were directed to appear for settlement no later than 60 days from the date the Order.  The Order of February 10, 2005, does not appear to be a final order.  A standby trustee was appointed in the event the sellers failed to convey the property as ordered.  Finally, the Circuit Court

retained jurisdiction to conduct a hearing with respect counsel fees and ancillary damages.

The filing of this case on March 10, 2005, by one of the two sellers stayed the Circuit Court action.  The Debtor opposes the Motion for Relief from Stay, urging that pursuant to §§ 365(a) and (365(g) of the Bankruptcy Code that he can reject the contract of sale.  The court agrees that an unperformed agreement for the sale of real estate, even where performance has been fully tendered or, as here, where specific performance has been ordered, can be rejected.  However, the authority for this rejection is not the authority granted a trustee under § 365(a) of the Bankruptcy Code but under § 1322(b)(7) of the Code that allows the Debtor to provide for the assumption, rejection, or assignment of an executory contract under a plan.  Debtor's Amended Plan provides for no such rejection.  *Benevides v. Alexander*, 670 F.2d 885 (CA9 1982).  Even if it did, it would be ineffectual.  The contract was not one between the Debtor and Ms. Rhee but rather between Demetria Aytona and Mario Aytona, Jr., tenants by the entirety, with Soun Hi Rhee.  The Debtor, in her individual capacity, could no more reject the contract than she could enter into it in the first instance.  It required the signatures of both husband and wife.  This reasoning is akin to the proposition that requires a debtor to either reject or assume an entire contract and not part of it.

The moving party relies upon the case of *In re Kendall Grove Joint Venture*, 46 B.R. 531 (BC S.D. Fla.1985), *aff'd* 59 B.R. 407 (S.D. Fla. 1986).  The court does not rely upon that decision because as explained in the cast of *In re Martin*, 278 B.R. 634, 641-42 (BC S.D. Fla. 2002), that decision might be said to be based upon Florida procedure that mandates that a judgment for specific performance is considered duly executed when the judgment is recorded.  Here, the judgment of specific performance was not a final judgment, and this court declines to make the *Kendall Grove* case authority for the decision that it is reaching.  However, this is of little importance because of the inability of one of two sellers of a parcel of real property to reject a contract on behalf of both.

Counsel for the moving party shall submit an appropriate order.

cc:
Lawrence F. Regan, Jr., Esq., 17 West Jefferson Street, Rockville, MD 20850
Alan S. Kerxton, Esq., 25 W. Middle Lane, Rockville, MD 20850
Demetria A. Aytona, 16208 Angel Falls Lane, Bowie, MD 20716
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**